IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DETRICK DESHAWN CROSTON
ADC # 131172                                                                                             PLAINTIFF

V.                                              4:07CV00580 SWW

BOYD ANDERSON TACKETT, Attorney, Conway, Arkansas                    DEFENDANT


**ORDER of DISMISSAL**

Plaintiff, a prisoner at the Varner Unit of the Arkansas Department of Correction, filed a *pro se* Complaint (docket entry #7) pursuant to 42 U.S.C. § 1983, against his public defender. After carefully reviewing Plaintiff's pleadings pursuant to its screening function under 28 U.S.C. § 1915A(a), the Court concludes that this action must be dismissed for failure to state a cognizable claim for relief under § 1983.

**I. Screening**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in

support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II. Analysis of Plaintiff's Claims

In his Complaint, Plaintiff alleged that his attorney, Defendant Tackett, failed to file a Notice of Appeal to challenge a conviction in 2004. According to Plaintiff, his public defender misled him for over twenty months before finally allowing that he had failed to appeal the judgment, therefore "violating [Plaintiff's] right to argue his innocence to the Court of Appeals" and depriving him of due process. By way of relief, Plaintiff seeks damages from Defendant Tackett and his "employer," which is apparently the Arkansas Public Defender Commission.[1]

Plaintiff's claims against Defendant Tackett must fail for (at least) two reasons. First, to the extent Plaintiff's claims challenge the validity of his confinement for the charges against him, his sole remedy is a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S.

---

[1] Review of the Arkansas Supreme Court's docket for this case, *Croston v. State*, Case no. CR06-425, provides the additional information that Plaintiff was found guilty by a jury of aggravated robbery and was sentenced as a habitual offender to a term of 180 months' imprisonment. "No appeal was taken from the judgment," the Court wrote, and Plaintiff/Petitioner, acting *pro se*, sought leave to proceed with a belated appeal. In an Order entered May 11, 2006, Plaintiff's request was denied as untimely, coming eighteen days too late.

475, 500 (1973).

Second, to state a cognizable claim for money damages under 42 U.S.C. § 1983, Plaintiff must allege that the conduct of a defendant acting "under color of state law" deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983; *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996). Defendant Tackett, a public defender, does not act under color of state law when performing the traditional functions of a defense counsel. *Polk County v. Dodson*, 454 U.S. 312, 320 (1981) ("It is the function of the public defender to enter not guilty pleas, move to suppress State's evidence, object to evidence at trial, cross-examine State's witnesses, and make closing arguments in behalf of defendants. All of these are adversarial functions. We find it peculiarly difficult to detect any color of state law in such activities."). It would also appear, therefore, that his errors in performing these functions (while possibly amounting to state law legal malpractice or a post-conviction relief claim) do not amount to actions taken under color of state law. Accordingly, Plaintiff cannot sue Defendant Tackett under § 1983 on the grounds alleged.

### III. Conclusion

IT IS THEREFORE ORDERED that:

1) Plaintiff's Complaint (docket entry #2) be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted. Dismissal of this action constitutes a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

---

[2] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

2) The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

DATED this 28th day of June, 2007.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE